UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Gene P. Kelly El,                                Case No. 3:24-cv-1082

           Plaintiff,

       v.                                        MEMORANDUM OPINION
                                                      AND ORDER

United States of America,

           Defendant.

## I.     INTRODUCTION AND BACKGROUND

Plaintiff Gene P. Kelly El seeks to require the government to refund $24,919.80 that Plaintiff paid in penalties for understating his income in his 2019 and 2020 tax year federal income tax filings. (Doc. No. 8). Plaintiff asserts he is not required to pay taxes on his income and alleges the Internal Revenue Service "manipulated" him into filing tax returns and pay penalties. (*Id.* at 1). He also seeks an order prohibiting the IRS from requiring him to pay taxes in the future. (*Id.* at 5). The government moved to dismiss pursuant to Rule 12(b)(1) and 12(b)(6), arguing this Court lacks subject matter jurisdiction over Plaintiff's claims and Plaintiff has failed to state a plausible claim for relief. (Doc. No. 13). Plaintiff did not file a response to that motion. Plaintiff instead filed his third motion for default judgment. (Doc. No. 15). The government opposed the motion, (Doc. No. 16), and Plaintiff filed a brief in reply. (Doc. No. 17).

For the reasons stated below, I deny Plaintiff's motion and grant the government's motion.

## II. STANDARD

A party may move to dismiss claims alleged against it for lack of subject matter jurisdiction by filing a motion under Rule 12. Fed. R. Civ. P. 12(b)(1). Defendants may make either a facial or a factual attack on subject matter jurisdiction under Rule 12(b)(1). *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). "The plaintiff bears the burden of establishing that jurisdiction exists." *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012) (citing *Nichols v. Muskingum Coll.*, 318 F.3d 674, 677 (6th Cir. 2003)).

A defendant may seek to dismiss a plaintiff's complaint on the ground the complaint fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). When ruling on a motion to dismiss, a court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Factual allegations must be sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678. Legal conclusions and unwarranted factual inferences are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

## III. DISCUSSION

Federal law imposes an income tax on "every element of gross income." *HCSC-Laundry v. United States*, 450 U.S. 1, 5 (1981). A taxpayer who believes he overpaid his taxes may file a lawsuit to recover the alleged excess payment, but only after the taxpayer has filed "a claim for refund or credit" with the IRS. 26 U.S. § 7422(a). "The exhaustion-of-remedies requirement in § 7422(a) is mandatory." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 359 (6th Cir. 2015). *See also United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 7 (2008). A claim for refund:

> must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made under the penalties of perjury. A claim which does not comply with this

2

paragraph will not be considered for any purpose as a claim for refund or credit. 26 C.F.R. § 301.6402-2(b)(1).

Plaintiff filed a Form 843 for tax years 2019 and 2020, requesting an abatement of the 20% penalty assessed against his underpayment of income tax pursuant to 26 U.S.C. § 6662. (Doc. Nos. 13-5 and 13-6). *See also* 26 C.F.R. § 301.6402-2(c). In both forms, Plaintiff requested the abatement because he was "financially unable to pay the amount of the tax penalty." (Doc. No. 13-5 at 2); (*see also* Doc. No. 13-6 at 2).

But Plaintiff does not raise this argument anywhere in his initial complaint or his amended complaint. Instead, he alleges the IRS "violated [his] unalienable right to life[,] liberty[,] and the pursuit of happiness" by classifying his wages as taxable income, and that he is not obligated to pay taxes. (Doc. No. 8 at 1); (*see also id.* at 1-2) (declaring he is "not a Tax payer as defined by the IRS" and that his "earnings are not income as defined by the IRS").

It is well settled that "'[f]ederal courts have no jurisdiction to entertain taxpayer allegations that impermissibly vary or augment the grounds originally specified by the taxpayer in the administrative refund claim.'" *McDonnell v. United States*, 180 F.3d 721, 722 (6th Cir. 1999) (quoting *Charter Co. v. United States,* 971 F.2d 1576, 1579 (11th Cir. 1992)). The purpose of this rule is "to give the IRS adequate notice of the claim and its underlying facts so that it can make an administrative investigation and determination regarding the claim." *McDonnell*, 180 F.3d at 722.

Plaintiff did not comply with this rule and, therefore, I conclude this Court lacks subject matter jurisdiction over his complaint. I grant the government's motion to dismiss. Moreover, because this Court lacks subject matter jurisdiction, I deny Plaintiff's motion for default judgment as moot.

### IV. CONCLUSION

For the reasons stated above, I grant the government's motion to dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. (Doc. No. 13). Further, I deny Plaintiff Gene P. Kelly El's motion for default judgment as moot. (Doc. No. 15).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge